UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE LEWIS, III,

      Petitioner,

v.                                                                               Case No. 10-C-542

ROBERT HUMPHREYS, Warden,

      Respondent.

---

LAWRENCE LEWIS, III,

      Petitioner,

v.                                                                               Case No. 10-C-543

ROBERT HUMPHREYS, Warden,

      Respondent.

**ORDER**

On June 30, 2010, the petitioner, Lawrence Lewis, III ("Lewis"), filed two petitions for a writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 against Racine Correctional Institution Warden Robert Humphreys, challenging his November 2, 2006 judgment of conviction in Milwaukee County Circuit Court. According to his first petition and attachments thereto (Case No. 10-C-542), Lewis was convicted of possessing a firearm as a felon, in violation of Wis. Stat. § 941.29(2)(a), and carrying a concealed weapon, in violation of Wis. Stat. § 941.23. According to his second petition and attachments thereto (Case No. 10-C-543), Lewis was convicted of bail jumping, in violation of Wis. Stat. § 946.49(1)(b), and intimidating a witness, in violation of Wis. Stat. § 940.43(7).

On February 1, 2007, Lewis was sentenced on the possession conviction to four years imprisonment, comprised of two years of initial confinement and two years of extended supervision. On the concealed weapon charge, Lewis was sentenced to a concurrent nine-month jail sentence. On the bail-jumping conviction, Lewis was sentenced to a consecutive four years of imprisonment, comprised of two years of initial confinement and two years of extended supervision. Finally, on the witness intimidation conviction, Lewis was sentenced to another consecutive four years of imprisonment, comprised of a minimum of two years of initial confinement and two years of extended supervision.

On December 11, 2008, the Wisconsin Court of Appeals affirmed Lewis's judgment of conviction. Thereafter, on April 14, 2009, the Wisconsin Supreme Court denied Lewis's petition for review. Lewis did not petition the United States Supreme Court for a writ of certiorari with respect to his judgment of conviction.

Thereafter, Lewis petitioned the Wisconsin Court of Appeals for a writ of habeas corpus based upon his appellate attorney's alleged ineffective assistance under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). The Wisconsin Court of Appeals denied Lewis's petition for a writ of habeas corpus on April 19, 2010. Lewis now petitions this court for relief.

On July 12, 2010, Lewis filed a motion to consolidate both federal cases because the cases were consolidated in the state trial court and because the issues presented in both petitions are necessarily "intertwined and interdependent." (Mot. at 1.) On July 12, 2010, Lewis also moved to amend the case caption.

First, I find that consolidation of Lewis's habeas petitions is appropriate. Because his cases were consolidated for purposes of trial, sentencing, and postconviction proceedings in state court, consolidation for purposes of habeas relief strikes me as the most expeditious and prudent course of

2

action. Therefore, Lewis's motion to consolidate Case Nos. 10-C-542 and 10-C-543 for all future proceedings will be granted.

Second, Lewis represents that since he filed his petitions, the respondent, Robert Humphreys, is no longer the warden at Racine Correctional Institution. Rather, John Paquin is now the warden at this institution. Therefore, Lewis's motion to amend the caption substituting John Paquin, the current Warden at Racine Correctional Institution, as the respondent will be granted.

Finally, the court must consider the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states the following:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

From Lewis's petition, I cannot say that it plainly appears that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition, and the briefing schedule, which is set forth below, will thereafter govern the processing of Lewis's petition.

**NOW THEREFORE IT IS ORDERED** that Case No. 10-C-542 and Case No. 10-C-543 be and hereby are consolidated for all future proceedings. Pursuant to Civil Local Rule 42, all relevant papers shall be filed and docketed in only the lowest numbered of the consolidated cases, and a notation to check the docket sheet for the lowest numbered case shall be entered on the docket sheet for the higher numbered case;

**IT IS FURTHER ORDERED** that the caption in this case be amended to substitute John Paquin as the respondent;

3

**IT IS FURTHER ORDERED** that on or before October 11, 2010 the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before November 15, 2010 the petitioner shall file a brief in support of his petition;

**IT IS FURTHER ORDERED** that on or before December 17, 2010 the respondent shall file a brief in response to the petitioner's brief;

**IT IS FURTHER ORDERED** that on or before January 14, 2011, the petitioner shall file his reply brief.

**SO ORDERED** this 11th day of August 2010, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge